UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENNY JO MUNGER,

    Plaintiff,

v.                           Case No. 8:15-cv-2937-T-33AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Penny Jo Munger's Unopposed Motion for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d), (Doc. # 25), filed on March 3, 2017. Additionally, Munger has filed two affidavits in support of the Motion, describing each attorney's legal background and time dedicated to the case. (Doc. # 25 at 6-13; Doc. # 25-3). Munger is seeking an award of $7,962.61 in attorney's fees. For the reasons that follow, the Court grants the Motion.

**A.    Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special

1

circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 23, 24). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Munger qualifies as the prevailing party in this action.

2. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met

here. This case was remanded upon order of this Court on February 21, 2017, (Doc. # 23); thereafter, Munger filed the unopposed Motion seeking attorney's fees on March 3, 2017. (Doc. # 25).

### 3. Claimant's Net Worth

Munger states that her net worth was less than $2 million at the time this action was filed (Doc. # 25 at ¶ 8), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that weigh against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

3

**B.     Amount of Fees**

Having determined Munger is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Munger requests an award of $7,962.61 in attorney's fees, representing 41.50 attorney hours at an average hourly rate of $191.87. (Doc. # 25 at 1-3).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

The Court determines the requested hourly rate is appropriate. Here, the proposed hourly rate is approximately $191.87. The Commissioner does not oppose Munger's proposed hourly rate. Thus, the Court will adopt the proposed rate. The Court also determines that 41.50 hours of attorney time is reasonable in this case. Therefore, the Court finds the requested fee of $7,962.61 to be a reasonable fee.

**C.     Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the

4

right to EAJA fees to her attorney. Munger has assigned the right to the attorney's fees to her attorney. (Doc. # 25-1). The parties agree that after the Court grants the Motion for attorney's fees, the Commissioner will determine whether Magi owes a debt to the government. "If the U.S. Department of the Treasury determines that [Munger] does not owe a federal debt, the government will accept [Munger]'s assignment of EAJA fees and pay fees directly to [Munger]'s counsel." (Doc. # 25 at ¶ 12). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Penny Jo Munger's Unopposed Motion for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. # 25) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE